**Jesus Concepcion Arambula LARA; Cruz Olivia Arambula Martinez, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 05–75293, 06–72302.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 5, 2008.

Allison Mosher, Esquire, Hecht & Smith, LLP, Portland, OR, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Douglas E. Ginsburg, Esquire, Lyle Davis Jentzer, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Jesus Concepcion Arambula Lara and Cruz Olivia Arambula Martinez, married natives and citizens of Mexico, petition for review of two Board of Immigration Appeals ("BIA") orders: a 2006 order denying their motion to reopen removal proceedings based on ineffective assistance of counsel, and a 2005 order dismissing their appeal from an immigration judge's order denying cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo due process claims. *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir.2004). We deny the petitions for review.

The BIA did not abuse its discretion by denying the motion to reopen because petitioners have not established prejudice from their prior counsel's performance. *See id.* at 1024 (challenges based on ineffective assistance of counsel require showing of prejudice). Petitioners' motion does not include evidence describing or documenting whether their daughter has existing or future medical needs. Evidence of their daughter's past surgery and the general assertion in Arambula Martinez's affidavit that the child requires "specialized treatments" in the United States are not sufficient to establish that counsel's failure to raise the daughter's condition may have affected the outcome of proceedings. *See*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999).

Petitioners have not raised, and have therefore waived, any direct challenge to the BIA's 2005 order. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITIONS FOR REVIEW DENIED.**